William R. KILLEBREW, Tim Woods, Fred Parrish, and James R. Vest, Plaintiffs,

v.

THE CITY OF GREENWOOD, MISSISSIPPI; Harry L. Smith, Individually and in his Official Capacity as Mayor of the City of Greenwood, Mississippi; Johnny Jennings, Jo Claire Swayze, Larry Thames, Sheriel Perkins, Arance Williamson, David L. Jordan and Carl Palmer, Individually and in their Official Capacities as Members of the City Council of the City of Greenwood, Mississippi; George McCain, Individually and in his Official Capacity as Fire Chief of the City of Greenwood, Mississippi; and Civil Service Commission of the City of Greenwood, Defendants.

No. 4:95CV355–B–B.

United States District Court, N.D. Mississippi, Greenville Division.

Dec. 23, 1997.

Tom P. Calhoun, III, Dove, Chill, Calhoun & Williamson, Greenwood, MS, John L. Maxey, II, John F. Hawkins, Maxey, Wann & Begley, Jackson, MS, for Plaintiffs.

Steven J. Allen, Gary Friedman, Carole Catherine Scallan, Phelps, Dunbar, Jackson, MS, for Defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the plaintiffs' motion for a preliminary injunction. A hearing was begun on October 20, 1997, and, after a two-week continuance, was concluded on November 4, 1997. Upon

due consideration of the memoranda and exhibits, as well as the testimony adduced at the hearing, the court is ready to rule.

## FACTS

The plaintiffs are white fire fighters employed by the City of Greenwood, Mississippi. On October 23, 1995, the plaintiffs filed suit against the city and the civil service commission for reverse discrimination in the promotion of fire fighters within the city's fire department. The city's hiring and promotion policy was shaped by the terms of an affirmative action plan incorporated in a consent decree entered by this court in 1978. The consent decree approved a settlement in *Johnson v. City of Greenwood*, civil action no. GC75–128–K, in which black fire fighters had sued the city for racial discrimination. Since the approval of the consent decree in 1978, the number of black fire fighters in the city of Greenwood has increased substantially, to the point that blacks presently hold a slight majority of the positions within the Greenwood Fire Department. Blacks further hold a slight majority of the supervisory positions within the Greenwood Fire Department. The positions of Fire Chief and Assistant Fire Chief are currently held by black men.

The plaintiffs moved for a preliminary injunction to enjoin the defendants from continuing to rely upon the consent decree in making promotional decisions within the Greenwood Fire Department until such time as the plaintiffs' cause of action may be heard on the merits. During the course of the hearing, the defendants failed to present any evidence of either continuing discrimination or of the continuing effects of past discrimination within the Greenwood Fire Department.

## LAW

▇ To obtain a preliminary injunction, the plaintiffs must prove: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may do to the defendants, and (4) that granting the preliminary injunction will not disserve the public interest. *Canal Auth. of Fla. v. Calla-*

*way,* 489 F.2d 567, 572 (5th Cir.1974). The plaintiffs carry the burden of proof and must clearly establish each of the four factors to be entitled to relief.

### A. Likelihood of Success on the Merits

▇ The plaintiffs assert that the continued use of the consent decree to support the promotion policy within the Greenwood Fire Department violates the Equal Protection Clause of the Fourteenth Amendment. Strict scrutiny applies, so that to pass constitutional muster, the defendants must show a compelling governmental interest in the continued use of the consent decree. *Hopwood v. Texas,* 78 F.3d 932, 940 (5th Cir.1996), *cert. denied,* —— U.S. ——, 116 S.Ct. 2581, 135 L.Ed.2d 1095 (1996); *Ensley Branch, N.A.A.C.P. v. Seibels,* 31 F.3d 1548, 1564 (11th Cir.1994). To find a compelling governmental interest in the race-based promotion system at issue in this case, there must be substantial evidence that there are continuing, present effects of past discrimination against minorities in the Greenwood Fire Department. *Hopwood,* 78 F.3d at 950–954; *see Richmond v. J.A. Croson Co.,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989).

The defendants have failed to produce any evidence that there are vestiges of past discrimination in the Greenwood Fire Department at the present time. At the time the consent decree was entered into in 1978, whites outnumbered blacks in the Greenwood Fire Department by an 87% to 13% margin, with very few black fire fighters holding supervisory positions. By 1989, blacks and whites were equal in number within the fire department as a whole. At the present time, blacks outnumber whites within the Greenwood Fire Department by a slight majority. Furthermore, blacks are well represented throughout all levels of authority within the fire department, and both the Fire Chief and Assistant Fire Chief are black. Additionally, the Greenwood City Council, which sets the hiring and promotion policy for the fire department, presently consists of a black majority, which has been the case since 1989. With a black Fire Chief and a majority black city council, it is difficult to believe that

blacks are in danger of being discriminated against in the Greenwood Fire Department in the absence of the consent decree. Since blacks hold a majority of positions within the fire department as well as throughout the supervisory ranks, and the defendants have presented no evidence of the presence of continuing effects of discrimination within the fire department, the court finds that there is a substantial likelihood that the plaintiffs will prevail on the merits of this case.

### B. Threat of Irreparable Injury

"It has repeatedly been recognized by the federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law." *Cohen v. Coahoma County, Miss.*, 805 F.Supp. 398, 406 (N.D.Miss.1992) (citations omitted). Plaintiffs claims are primarily based upon violation of their constitutional rights under the Equal Protection Clause of the Fourteenth Amendment, and thus, the threat of irreparable injury is present as a matter of law. The defendants assert that plaintiffs' alleged damages are akin to those in an ordinary discrimination case, and may be redressed through economic means. However, even without a finding of irreparable harm as a matter of law, the court finds that the plaintiffs have demonstrated a very serious threat of irreparable injury in that the safety of the public, as well as that of the fire fighters themselves, is threatened when qualified applicants are being passed over for promotion solely because of the color of their skin. Not only does it harm individual firemen to be wrongfully passed over for promotion, but the entire fire department, and thus the citizens of Greenwood, suffers when the younger fire fighters are not being trained and supervised by the most experienced and best qualified firemen. The longer the promotional system is based upon race and not solely upon merit, the worse the problem becomes. Therefore, the court finds that the plaintiffs have shown a substantial threat of irreparable injury.

### C. Balance of Harm

The defendants have presented no evidence that they will be harmed by the dissolution of the race-based promotion system in favor of a system based solely upon merit. As aforementioned, the court finds it difficult to believe that blacks are in danger of being discriminated against within the Greenwood Fire Department, given the fact that blacks hold the majority of supervisory positions within the fire department, including Fire Chief and Assistant Fire Chief, and blacks hold a majority of positions on the city council. Therefore, the court finds that the balance of harm weighs in favor of the plaintiffs.

### D. The Public Interest

The public deserves to have the most qualified fire fighters advance through the ranks of the city's fire department unimpeded by race-based promotional policies. A fire department in which promotions are based strictly on merit is better equipped to provide for the safety of the citizens of Greenwood. Furthermore, the consent decree itself speaks to the need for objective promotions within the fire department so that the public will perceive government service as a career opportunity. Therefore, the court finds that granting the preliminary injunction will not disserve the public interest.

### CONCLUSION

For the foregoing reasons, the court finds that the plaintiffs' motion for a preliminary injunction should be granted. The practical effect of this injunction is to dissolve the consent decree, though the court will stop short of doing so since the plaintiffs have not requested such relief at this stage of the proceedings. The court further finds that the plaintiffs should not be required to post a bond.